IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2020

**STATE OF TENNESSEE v. TERRY LIN JOHNSON**

**Appeal from the Criminal Court for Putnam County**
No. 18-CR-106      Gary McKenzie, Judge
_____

**No. M2019-02234-CCA-R3-CD**
_____

Defendant, Terry Lin Johnson, appeals from the trial court's full revocation of probation in November 2019. Defendant argues that the trial court abused its discretion when it required Defendant to serve his entire sentence because no substantial evidence of a probation violation was presented at the probation revocation hearing. Defendant also argues that the trial court acted too harshly when it required Defendant to serve his entire sentence. After conducting a thorough review of the record, we affirm the judgment of the trial.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Craig P. Fickling, District Public Defender; and Allison R. West, Assistant Public Defender, for the appellant, Terry Lin Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Beth Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On May 8, 2018, the Putnam County Grand Jury indicted Defendant for one count of possession of oxycodone with the intent to sell or deliver within a drug free zone. On September 24, 2018, Defendant pled guilty to the lesser included offense of possession of

oxycodone with the intent to sell and received a four-year sentence to be served on probation. The trial court ordered Defendant to report for probation on October 2, 2018. A probation violation warrant was issued on October 15, 2018. After a probation violation hearing on January 14, 2019, the trial court partially revoked Defendant's probation, ordered Defendant to serve 120 days in confinement, and transferred Defendant's probation supervision to Community Corrections for the remainder of his sentence.

On July 25, 2019, a Community Corrections violation warrant was issued after Defendant failed to report to three scheduled appointments in July 2019 and failed to be present for a home visit. A violation hearing was held on November 18, 2019.

Community Corrections Officer Charlie Frazier testified that Defendant first reported to him after Defendant served 120 days in confinement after his first probation violation. Officer Frazier explained that Defendant was required to report twice a week. Officer Frazier testified that Defendant missed several appointments in July and that Defendant could not be found at his home. At the time of the revocation hearing, Officer Frazier had not seen Defendant since sometime in June 2019.

Sergeant Kim Brown of the Putnam County Sheriff's Department testified that she had received information the morning of the hearing that Defendant had been diagnosed with cancer. Sergeant Brown stated that if Defendant's probation was revoked, he would be sent to "Special Needs" within the Tennessee Department of Correction.

Defendant testified that he learned of his cancer diagnosis shortly before the hearing. He stated that he missed the appointments because he was sick, and his blood pressure "started going up real high." Defendant testified that he stopped reporting because he "figured [Officer Frazier] already violated [him]." Defendant admitted that he was "not disputing that [he was] in violation" for "not showing up" for his regularly scheduled office visits.

The trial court stated that it "can't have [Defendant] out there not reporting." The trial court acknowledged that Defendant was given two chances. The trial court found that Defendant was in violation of the conditions of his probation and ordered that Defendant serve his original four-year sentence in confinement. The trial court was concerned that Defendant's medical treatment should not be delayed and ordered that the process for getting Defendant in "Special Needs" go forward in a swift, non-bureaucratic manner. It is from the revocation of probation that Defendant now appeals.

*Analysis*

Defendant argues that trial court was too harsh and abused its discretion by revoking his probation and requiring him to serve his four-year sentence in confinement. The State argues that the trial court did not abuse its discretion. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated the conditions of probation, the trial court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). As this Court has recognized, "[a d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*; *see State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999).

Although Defendant was never transferred to Community Corrections as an eligible offender as defined in Tennessee Code Annotated 40-36-106(a), he was being supervised by a Community Corrections officer at the time of the violation and the same principles that apply in the revocation of probation also apply in the revocation of Community Corrections. *Harkins*, 811 S.W.2d at 83.

Here, Officer Frazier testified that at the time of the hearing in November 2019, he had not seen Defendant since June of that same year. The terms of Defendant's Community Corrections program required him to meet with Officer Frazier twice a week. Defendant testified that he quit reporting to Officer Frazier because he "figured [Officer Frazier] already violated [him]." Defendant admitted that he was not disputing the violation. The evidence does not preponderate against the finding of the trial court. The trial court did not abuse his discretion and Defendant is not entitled to relief.

- 3 -

Defendant further argues that the trial court "acted too harshly" when it ordered Defendant to serve his original sentence in confinement. Defendant relies on *State v. Hunter*, to argue that reinstatement of his original sentence produces "too harsh a result." 1 S.W.3d 643, 646-47 (Tenn. 1999). In *Hunter*, the Supreme Court stated that "the trial court has the option to extend the existing probationary period up to two additional years instead of imposing the original sentence. The Sentencing Commission Comments suggest that Tennessee Code Annotated section 40-35-308(c) was designed to address situations where a defendant violates a probationary sentence "near the end of the probation term and reinstatement of the defendant's original sentence would produce too harsh a result." *Id.* The supreme court also stated that "[n]othing in the text of [Tennessee Code Annotated] section 40-35-308(c) prohibits a trial court from causing execution of a defendant's original sentence." *Id*. at 647. Here, the trial court considered Defendant's cancer diagnosis. The trial court stated that the trial court "[didn't] want there to be a delay in his treatment." The court noted that Defendant would be sent to "Special Needs" and ordered that the placement process begin immediately. This issue is without merit. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE